# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-08-00431-CV

**In re Jon Kyle McMillan**

ORIGINAL PROCEEDING FROM BELL COUNTY

**O P I N I O N**

Jon Kyle McMillan filed a petition for writ of mandamus, seeking to compel the trial court to grant his plea to the jurisdiction in a suit challenging an acknowledgment of paternity (an AOP) under family code section 160.308. *See* Tex. Fam. Code Ann. § 160.308 (West Supp. 2008). Because we have determined that the trial court has subject-matter jurisdiction over the suit, we deny the petition for writ of mandamus.

A.M., the child at issue in this proceeding, was born in Texas on March 14, 2006. The next day, McMillan and Kelly MacCord, the mother of the child, signed an AOP declaring McMillan to be A.M.'s father. This acknowledgment was filed with the Vital Statistics Unit of the Texas Department of State Health Services.

In September 2007, MacCord filed suit in Blount County, Tennessee, where McMillan and A.M. were living, seeking custody of A.M. and a declaration that McMillan was not A.M.'s father. On November 6, 2007, the Tennessee court found that MacCord "does not have standing to deny that [McMillan] is the father of the child having signed under penalty of perjury an acknowledgment of paternity in Texas." The Tennessee court also awarded temporary custody to

McMillan and ordered that the suit "shall proceed before the Court as a custody case." The parties stipulate that a final order has not yet been issued in the Tennessee litigation.

Two days after the temporary order was issued in Tennessee, MacCord filed suit in Texas, challenging the AOP on file with the Texas Vital Statistics Unit. McMillan filed a plea to the jurisdiction, arguing that Texas lacks subject-matter jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (the UCCJEA). *See id.* §§ 152.001-.317 (West 2002 & Supp. 2008). The trial court denied the plea to the jurisdiction and McMillan filed this petition for writ of mandamus, seeking to compel the trial court to grant his plea on the ground that Tennessee has exclusive, continuing jurisdiction under the UCCJEA.

MacCord agrees with McMillan that Tennessee has exclusive, continuing jurisdiction over the custody proceeding under the UCCJEA. However, MacCord's suit is not a custody proceeding, but a suit brought to challenge an AOP, and is therefore subject to the Uniform Parentage Act, *see id.* §§ 160.001-160.763 (West 2002 & Supp. 2008), rather than the UCCJEA. The UCCJEA applies to paternity actions only to the extent that such actions are included in "a proceeding in which legal custody, physical custody, or visitation with respect to a child is an issue." *Id.* § 152.102(4) (West 2002). MacCord's petition in Texas court does not raise custody or visitation issues, but specifically states, "Petitioner asserts jurisdiction in this Court to challenge the acknowledgment of paternity which is a paternity determination under Texas Family Code Chapter 160. Subject matter jurisdiction over conservatorship orders regarding the child is not asserted." As a result, the UCCJEA is inapplicable to the present case.

Within four years of the date an AOP is filed, a party may challenge it on the basis of fraud, duress, or material mistake of fact. *Id.* § 160.308. MacCord's petition seeks to set aside the AOP on this basis, and prays for a judgment "ordering the bureau of vital statistics to delete the acknowledgment of paternity from the records of the unit."

The Uniform Parentage Act does not specifically address the issue of subject-matter jurisdiction in a proceeding to challenge an AOP. Family code section 160.309(d) states that AOP challenges are conducted "in the same manner" as proceedings to adjudicate parentage, and McMillan argues that this provision should be interpreted to mean that section 160.104, which addresses subject-matter jurisdiction for parentage adjudications, also applies to AOP challenges. *See id.* §§ 160.104, .309 (West 2002). We disagree.

Family code section 160.309(b) specifically addresses personal jurisdiction for AOP challenges, rather than allowing the personal-jurisdiction rules regarding parentage adjudications to apply. *See id.* § 160.309(b) ("For purposes of the rescission of or a challenge to an acknowledgment of paternity or denial of paternity, a signatory submits to the personal jurisdiction of this state by signing the acknowledgment or denial."). While subject-matter jurisdiction is not similarly addressed, the inclusion of section 160.309(b) suggests that the language of section 160.309(d), providing that an AOP challenge shall be conducted "in the same manner" as a parentage adjudication, refers to matters of procedure, rather than matters of jurisdiction. *See generally id.* §§ 160.621 (admissibility of genetic testing results), .632 (juries prohibited) (West 2002), § 160.633 (hearings and inspection of records) (West Supp. 2008). Furthermore, section 160.309(e), which allows the trial court to "order the bureau of vital statistics to amend the birth record of the child"

3

at the conclusion of a successful challenge to an AOP, necessarily contemplates that Texas has subject-matter jurisdiction over challenges to AOPs that were executed and filed in Texas. *See id.* § 160.309(e).

The language of the temporary order in Tennessee, which states that MacCord "does not have standing to deny that [McMillan] is the father of the child having signed under penalty of perjury an acknowledgment of paternity in Texas," suggests that the Tennessee court refused to exercise jurisdiction over the paternity portion of the proceedings, deferring instead to Texas to resolve any challenge to the AOP. This is consistent with the order's statement that the suit "shall proceed before the Court as a custody case." While we do not have a record of the proceeding in Tennessee, MacCord's counsel represented in the hearing on McMillan's plea to the jurisdiction that "the judge of the juvenile court in Blount County acknowledged that she could not set aside the AOP because the AOP had to be set aside in court—by a court in the State of Texas."

The AOP was signed in Texas, filed with the Texas Vital Statistics Unit, and bears the heading, "State of Texas Acknowledgment of Paternity." MacCord now seeks to challenge the AOP under Texas Family Code section 160.308, which states that "a signatory of an acknowledgment of paternity . . . may commence a proceeding to challenge the acknowledgment." *Id.* § 160.308. MacCord also seeks deletion of the acknowledgment from the records of the Texas Vital Statistics Unit, pursuant to section 160.309(e). Furthermore, it appears that the Tennessee court has declined to assert jurisdiction over the parentage action involving A.M., so that as a practical matter, if Texas cannot exercise jurisdiction over the AOP, MacCord will be deprived of the opportunity to challenge it as authorized by section 160.308 of the family code. In light of

4

these circumstances, we hold that Texas has subject-matter jurisdiction over the AOP challenge in this case.  As a result, the petition for writ of mandamus is denied.


_____

Diane M. Henson, Justice

Before Chief Justice Law, Justices Patterson and Henson

Filed:   September 10, 2008